IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CRAIG KROMREY, *et al.*, ) <br> *on behalf of themselves and all* ) <br> *similarly situated individuals*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> CAPITAL ONE, N.A., ) <br> ) <br> *Defendant*. ) | Civil Action No. 3:24cv575 |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS**

The Court, having reviewed the Settlement Agreement entered by the parties, hereby Orders that:

1. The Court has considered the proposed settlement of the claim asserted under the Fair Credit Reporting ("FCRA") by a class of consumers. Defined terms used in this Order have the meaning provided in the Settlement Agreement. The proposed settlement class is defined as follows (the "Settlement Class"):

> All natural persons (1) who were reported as deceased by Capital One to the CRAs based on information related to their credit card accounts and (2) about whose credit card accounts Capital One received one or more disputes from the CRAs that were submitted between August 13, 2019, and the date when the Court grants preliminary approval of the class settlement; and (3) in response to one or more of those disputes, Capital One did not correct its deceased reporting.

2. The Settlement Agreement entered between the parties as of August 1, 2025, ECF No. 50-1), appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3. The prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

    a. the Settlement Class consists of approximately 1,142 members;

    b. the claims of the Named Plaintiffs are typical of those of the other members of the Settlement Class;

    c. there are questions of fact and law that are common to all members of the Settlement Class; and

    d. the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because: (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6. The Court appoints Craig Kromrey and Gregory Miller as the Settlement Class Representatives. The Court also appoints Kristi Kelly, Andrew Guzzo, and Casey Nash of Kelly Guzzo, PLC and E. Michelle Drake and Joseph Hashmall of Berger Montague PC as counsel for the Class ("Class Counsel").

7. The Court appoints American Legal Claims the Settlement Administrator.

8. The Court will hold a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) on Friday, March 20, 2025 at the United States District Court for the Eastern District of Virginia, at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street Richmond, VA, at 10:00am for the following purposes:

   a. To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

   b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

   c. To consider the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for a service award to the class representative; and

   d. To rule upon other such matters as the Court may deem appropriate.

9. As is provided in Section 9.2 of the Settlement Agreement, Class Counsel and Defendant shall provide a Class List of the Settlement Class Members to the Settlement Administrator, who shall send the agreed upon Notices to the Settlement Class Members in accordance with the Settlement Class Notice Plan set forth in the Settlement Agreement no later

than ten days following the entry of this Order. The Court also approves the parties' Notice, which is attached to the Settlement Agreement as Exhibit B. To the extent the parties or Settlement Administrator determine that ministerial changes to the Notice are necessary before disseminating it to the Settlement Class Members, they may make such changes without further application to the Court. Not later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

10. The Court finds this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all members who can be identified through reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.

11. If a Settlement Class Member chooses to opt-out of the class, such class member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing. The request for exclusion must include the items identified in the Settlement Agreement pertaining to requests for exclusion. A Settlement Class Member who submits a valid request for exclusion using the procedure identified above shall be excluded from the class for any and all purposes. No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

12. A Settlement Class Member who does not file a timely request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

13. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing. The notice of objection shall be sent by First Class United States Mail to the Settlement Administrator and the Clerk of the Court. The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees, and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

14. All briefs, memoranda, petitions, and affidavits to be filed in support of a Service Award to the Named Plaintiffs and in support in support of Class Counsel's application for Attorneys' Fees and Expenses, shall be filed not later than forty-five (45) days before the Final Approval Hearing. All other briefs, memoranda, petitions and affidavits that Class Counsel intends

to file in support of Final Approval shall be filed not later than twenty-one (21) days before the Final Approval Hearing.

15. Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

/s/ REP
HON. ROBERT E. PAYNE
UNITED STATES DISTRICT JUDGE

DATED: November 3, 2025